IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DON KING PRODUCTIONS, INC., : CIVIL NO.

05-1556 (DRD)

Plaintiff

v.

JUNGLE HOUSE; ADRIÁN PADILLA INDIVIDUALLY, his wife FULANA DE TAL INDIVIDUALLY, THE CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE, JOHN DOE INDIVIDUALLY, HIS WIFE JANE DOE INDIVIDUALLY, THE CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE, ALL OF THEM D/B/A JUNGLE HOUSE AND ABC INSURANCE COMPANY;

TACOS CARRIÓN; WALTER CARRIÓN INDIVIDUALY, HIS WIFE JANE DOE INDIVIDUALLY, THE CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE; JOHN DOE INDIVIDUALLY, HIS WIFE JANE DOE INDIVIDUALLY, THE CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE, ALL OF THEM D/B/A TACOS CARRIÓN AND ABC INSURANCE COMPANY

EL NUEVO RANCHO LUNA A/K/A RANCHO LUNA; RAFAEL DELGADO, INDIVIDUALLY, HIS WIFE MENGANA DE TAL INDIVIDUALLY, THE CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE; NAORINO CABALLERO INDIVIDUALLY, HIS WIFE MARY DOE INDIVIDUALLY, THE CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE; OLGA ROSARIO ACEVEDO INDIVIDUALLY, HER HUSBAND MARK DOE, THE CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE; JOHN DOE INDIVIDUALLY, HIS WIFE JANE DOE INDIVIDUALLY, THE CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE, ALL OF THEM D/B/A EL NUEVO RANCHO LUNA A/K/A RANCHO LUNA AND ABC INSURANCE COMPANY;

SWEET AND SOUR A/K/A SWEET SOUR & SALÓN BILLAR; DAISY OJEDA LARACUENTE INDIVIDUALY, HER HUSBAND FULANO DE TAL INDIVIDUALLY, THE CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE; EDWIN RUIZ, INDIVIDUALLY,

HIS WIFE MARY DOE INDIVIDUALLY, THE CONJUGAL :
PARTNERSHIP WHICH THEY CONSTITUTE; JOHN DOE :
INDIVIDUALLY, HIS WIFE JANE DOE INDIVIDUALLY, :
THE CONJUGAL PARTNERSHIP WHICH THEY :
CONSTITUTE, ALL OF THEM D/B/A SWEET AND SOUR :
AND ABC INSURANCE COMPANY; :

POLLO A LA BBQ; LUIS ARCE INDIVIDUALLY, :
HIS WIFE FULANA DE TAL INDIVIDUALLY, :
THE CONJUGAL PARTNERSHIP WHICH THEY :
CONSTITUTE; JOHN DOE INDIVIDUALLY, :
HIS WIFE JANE DOE INDIVIDUALLY, THE CONJUGAL :
PARTNERSHIP WHICH THEY CONSTITUTE, ALL OF :
THEM D/B/A POLLO A LA BBQ AND ABC INSURANCE :
COMPANY; :

PIKA PIKA MEXICAN GRILL A/K/A PUKA PUKA :
MEXICAN GRILL; FÉLIX A. PÉREZ TOLEDO A/K/A
FELIX PEREZ INDIVIDUALLY, HIS WIFE MARY DOE :
INDIVIDUALLY, THE CONJUGAL PARTNERSHIP WHICH :
THEY CONSTITUTE; JOHN DOE INDIVIDUALLY, :
HIS WIFE JANE DOE INDIVIDUALLY, THE CONJUGAL :
PARTNERSHIP WHICH THEY CONSTITUTE; ALL OF :
THEM D/B/A PIKA PIKA MEXICAN GRILL a/k/a PUKA:
PUKA MEXICAN GRILL AND ABC INSURANCE COMPANY;:

PARADA CRISO; CRISÓSTOMO HERNÁNDEZ A/K/A :
CRISOTO HERNÁNDEZ INDIVIDUALLY, HIS WIFE :
MENGANA DE TAL INDIVIDUALLY, THE CONJUGAL :
PARTNERSHIP WHICH THEY CONSTITUTE; JOHN DOE :
INDIVIDUALLY, HIS WIFE JANE DOE INDIVIDUALLY, :
THE CONJUGAL PARTNERSHIP WHICH THEY :
CONSTITUTE, ALL OF THEM D/B/A PARADA CRISO :
AND ABC INSURANCE COMPANY; :

TERRAZA VARGAS; ÁNGEL VARGAS, INDIVIDUALLY, :
HIS WIFE MARY DOE TAL INDIVIDUALLY, :
THE CONJUGAL PARTNERSHIP WHICH THEY :
CONSTITUTE; JOHN DOE INDIVIDUALLY, HIS WIFE :
JANE DOE INDIVITDUALLY, THE CONJUGAL :
PARTNERSHIP WHICH THEY CONSTITUTE ALL OF THEM:
D/B/A TERRAZA VARGAS AND ABC INSURANCE :
COMPANY; :

RÍOS CAR WASH; MARIO RÍOS INDIVIDUALLY, :
HIS WIFE FULANA DE TAL INDIVIDUALLY, THE :
CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE; :

JOHN DOE INDIVIDUALLY, HIS WIFE JANE DOE :
INDIVIDUALLY, THE CONJUGAL PARTNERSHIP WHICH :
THEY CONSTITUTE, ALL OF THEM D/B/A RÍOS CAR :
WASH AND ABC INSURANCE COMPANY; :

PARADOR BAHÍA SALINAS; ALEXIS ROMERO RIVERA :
INDIVIDUALLY, HIS WIFE MENGANA DE TAL :
INDIVIDUALLY, THE CONJUGAL PARTNERSHIP WHICH :
THEY CONSTITUTE; MIGUEL ROSADO MARTÍNEZ :
INDIVIDUALLY, HIS WIFE MARY DOE :
INDIVIDUALLY, THE CONJUGAL PARTNERSHIP WHICH :
THEY CONSTITUTE; JOHN DOE INDIVIDUALLY, :
HIS WIFE JANE DOE INDIVIDUALLY, THE CONJUGAL :
PARTNERSHIP WHICH THEY CONSTITUTE, ALL OF :
THEM D/B/A PARADOR BAHÍA SALINAS AND ABC :
INSURANCE COMPANY; :

TERRAZA MORGAN; JOSÉ A. ORTIZ INDIVIDUALLY, :
HIS WIFE FULANA DE TAL INDIVIDUALLY, THE :
CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE; :
JOHN DOE INDIVIDUALLY, HIS WIFE JANE DOE :
INDIVIDUALLY, THE CONJUGAL PARTNERSHIP :
WHICH THEY CONSTITUTE, ALL OF THEM D/B/A :
TERRAZA MORGAN AND ABC INSURANCE COMPANY; :

COLMADO TORRES; ISMAEL TORRES DÍAZ INDIVI- :
DUALLY, HIS WIFE JANE DOE TAL INDIVI- :
DUALLY, THE CONJUGAL PARTNERSHIP WHICH :
THEY CONSTITUTE; JOHN DOE INDIVIDUALLY, :
HIS WIFE JANE DOE INDIVIDUALLY, THE :
CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE, :
ALL OF THEM D/B/A COLMADO TORRES AND ABC :
INSURANCE COMPANY;

PALERMO CAFÉ; PEDRO PALERMO INDIVIDUALLY, :
HIS WIFE MENGANA DE TAL INDIVIDUALLY, THE :
CONJUGAL PARTNERSHIP WHICH THEY CONSTITUTE; :
JOHN DOE INDIVIDUALLY, HIS WIFE JANE DOE :
INDIVIDUALLY, THE CONJUGAL PARTNERSHIP :
WHICH THEY CONSTITUTE, ALL OF THEM D/B/A :
PALERMO CAFÉ AND ABC INSURANCE COMPANY; :

BARRITA RELINCHO; JOSÉ RODRÍGUEZ, INDIVI- :
DUALLY HIS WIFE FULANA DE TAL INDIVIDUALLY, :
THE CONJUGAL PARTNERSHIP WHICH THEY :
CONSTITUTE; JOHN DOE INDIVIDUALLY, HIS WIFE :
JANE DOE INDIVIDUALLY, THE CONJUGAL :

PARTNERSHIP WHICH THEY CONSTITUTE, ALL OF :
THEM D/B/A BARRITA RELINCHO AND ABC :
INSURANCE COMPANY; :

EL CACHIMBO; JOSÉ RIVERA ORTIZ, INDIVI- :
DUALLY HIS WIFE JANE DOE INDIVIDUALLY, :
THE CONJUGAL PARTNERSHIP WHICH THEY :
CONSTITUTE; JOHN DOE INDIVIDUALLY, HIS WIFE :
JANE DOE INDIVIDUALLY, THE CONJUGAL :
PARTNERSHIP WHICH THEY CONSTITUTE, ALL OF :
THEM D/B/A EL CACHIMBO AND ABC INSURANCE :
COMPANY; :

EXPRESS CASH & CARRY A/K/A EXPRESS CASH & :
CARRY LIQUOR STORE; FÉLIX GONZÁLEZ, INDIVI- :
DUALLY HIS WIFE MENGANA DE TAL INDIVIDUALLY, :
THE CONJUGAL PARTNERSHIP WHICH THEY :
CONSTITUTE; JOHN DOE INDIVIDUALLY, HIS WIFE :
JANE DOE INDIVIDUALLY, THE CONJUGAL :
PARTNERSHIP WHICH THEY CONSTITUTE, ALL OF :
THEM D/B/A EXPRESS CASH & CARRY A/K/A :
EXPRESS CASH & CARRY LIQUOR STORE AND ABC :
INSURANCE COMPANY; :

Defendants :

---

**COMPLAINT**

**TO THE HONORABLE COURT:**

Comes now the plaintiff, Don King Productions, Inc., and through its undersigned attorneys, states, alleges and prays as follows:

## I. JURISDICTION

1. This action arises under Section 705 of the Communications Act of 1934, 47 U.S.C. §605.

2. Jurisdiction in this Court is proper under 28 U.S.C. §1331. and 47 U.S.C. §605.

3. Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.

## II. THE PARTIES

4. The Plaintiff, Don King Productions, Inc., (hereinafter "Plaintiff), is a corporation organized and existing under the laws of the State of Delaware, with its principal office and place of business located in Deerfield Beach, Florida.

5. Defendant, Jungle House is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Carr. 144 (frente Baxter), Jayuya, P.R. 00664.

6. Defendant, Adrián Padilla, individually(owner), with his wife Fulana de Tal individually, the conjugal partnership which they constitute, John Doe individually and his wife Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/ a Jungle House are, upon information and belief, owners of Jungle House, ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

7. Defendant, Tacos Carrión is authorized to and transacts business in the territory of Puerto Rico, with its

principal place of business located at Carr. 130, Km. 7.1, Hatillo, PR 00659.

8. Defendant, Walter Carrión individually(owner), with his wife Jane Doe individually, the conjugal partnership which they constitute, John Doe individually and his wife Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a Tacos Carrión are, upon information and belief, owners of Tacos Carrión ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

9. Defendant, El Nuevo Rancho Luna a/k/a Rancho Luna is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Carr. #2, Km. 84.7, Hatillo, P.R. 00659.

10. Defendant, Rafael Delgado individually(owner), with his wife Mengana de Tal individually, the conjugal partnership which they constitute, Naorino Caballero individually, with his wife Mary Doe individually, the conjugal partnership which they constitute, Olga Rosario Acevedo individually, with her husband Mark Doe, the conjugal partnership which they constitute, John Doe individually and Jane Doe individually and the conjugal partnership which they constitute all of them d/b/a El Nuevo Rancho Luna a/k/a Rancho Luna are, upon information and belief, owners of El Nuevo Rancho Luna a/k/a Rancho Luna, ABC Insurance

Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

11. Defendant, Sweet and Sour a/k/a Sweet Sour & Salón Billar is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Bo. Boquerón, Carr. 101, Cabo Rojo, PR 00623.

12. Defendant, Daisy Ojeda Laracuente individually(owner), with her husband Fulano de Tal individually, the conjugal partnership which they constitute, Edwin Ruiz individually, with his wife Mary Doe individually, the conjugal partnership which they constitute, John Doe individually and Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a Sweet and Sour are a/k/a Sweet Sour & Salón Billar, upon information and belief, owners of Sweet and Sour a/k/a Sweet Sour & Salón Billar, ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

13. Defendant, Pollo a la BBQ is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Carr. 486, Bo. Aibonito, Km. 4.2, Hatillo, PR 00659.

14. Defendant, Luis Arce individually(owner), with his wife Fulana de Tal individually, the conjugal partnership which they constitute, John Doe individually and Jane Doe individually

and the conjugal partnership which they constitute, all of them d/b/a Pollo a la BBQ are, upon information and belief, owners of Pollo a la BBQ, ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

15. Defendant, Pika Pika Mexican Grill A/K/A Puka Puka Mexican Grill is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Bo. Boquerón, Carr. 301, Km. 8.5, Cabo Rojo, PR 00623.

16. Defendant, Félix A. Pérez Toledo a/k/a Felix Perez individually(owner), with his wife Mary Doe individually, the conjugal partnership which they constitute, John Doe individually and Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a Pika Pika Mexican Grill A/K/A Puka Puka Mexican Grill are, upon information and belief, owners of Pika Pika Mexican Grill A/K/A Puka Puka Mexican Grill, ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

17. Defendant, Parada Criso is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Bo. Combate, Carr. 301, Km. 9.7, Cabo Rojo, PR 00623.

18. Defendant, Crisóstomo Hernández A/K/A Crisoto Hernández individually(owner), with his wife Mengana de Tal individually, the conjugal partnership which they constitute, John Doe individually and Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a Crisóstomo Hernández A/K/A Crisoto Hernández upon information and belief, owners of Crisóstomo Hernández A/K/A Crisoto Hernández ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

19. Defendant, Terraza Vargas is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Carr. 151, Coamo, PR 00769.

20. Defendant, Ángel Vargas individually (owner), with his wife Mary Doe individually, the conjugal partnership which they constitute, John Doe individually and Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a Terraza Vargas upon information and belief, owners of Terraza Vargas, ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

21. Defendant, Ríos Car Wash, is authorized to and transacts business in the territory of Puerto Rico, with their

principal place of business located at Bo. Camarones, Carr. 169, Caguas, PR 00725.

22. Defendant, Mario Rios individually (owner), with his wife Fulana de Tal individually, the conjugal partnership which they constitute, John Doe individually and Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a Rios Car Wash upon information and belief, owners of Rios Car Wash, ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

23. Defendant, Parador Bahia Salinas is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Bo. Combate, Sector El Faro, Carr. 301, Km. 10.5, Cabo Rojo, PR 00623.

24. Defendant, Alexis Romero Rivera individually (owner), with his wife Mengana de Tal individually, the conjugal partnership which they constitute, Miguel Rosado Martinez individually, with his wife Mary Doe individually, the conjugal partnership which they constitute, John Doe individually and Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a Parador Bahia Salinas upon information and belief, owners of Parador Bahia Salinas, ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

25. Defendant, Terraza Morgan is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at PR 153, Coamo, PR 00769.

26. Defendant, José A. Ortiz individually (owner), with his wife Fulana de Tal individually, the conjugal partnership which they constitute, John Doe individually and Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a Terraza Morgan upon information and belief, owners of Terraza Morgan, ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

27. Defendant, Colmado Torres is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Carr. 753, Int. 7754, Bo. Yaurel, Sector Palmarejo, Arroyo, PR 00714.

28. Defendant, Ismael Torres Díaz individually (owner), with his wife Jane Doe individually, the conjugal partnership which they constitute, John Doe individually and Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a Colmado Torres upon information and belief, owners of Colmado Torres, ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

29. Defendant, Palermo Café is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Plaza Ponce, Ponce, PR 00716.

30. Defendant, Pedro Palermo individually (owner), with his wife Mengana de Tal individually, the conjugal partnership which they constitute, John Doe individually and his wife Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a Palermo Café upon information and belief, owners of Palermo Café, ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

31. Defendant, Barrita Relincho is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Bo. Los Llanos, Carr. 151, Km. 12.8, Coamo, PR 00769.

32. Defendant, José Rodríguez individually (owner), with his wife Fulana de Tal individually, the conjugal partnership which they constitute, John Doe individually and his wife Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a Barrita Relincho upon information and belief, owners of Barrita Relincho, ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

33. Defendant, El Cachimbo is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Carr. 753, Km. 5.5. Bo. Yaurel, Arroyo, PR 00714.

34. Defendant, José Rivera Ortiz individually (owner), with his wife Jane Doe individually, the conjugal partnership which they constitute, John Doe individually and Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a El Cachimbo upon information and belief, owners of El Cachimbo, ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

35. Defendant, Express Cash & Carry a/k/a Express Cash & Carry Liquor Store is authorized to and transacts business in the territory of Puerto Rico, with its principal place of business located at Carr. 129, Km. 15.2, Bo. Bayaney, Hatillo, PR 00659.

36. Defendant, Félix González individually (owner), with his wife Mengana de Tal individually, the conjugal partnership which they constitute, John Doe individually and his wife Jane Doe individually and the conjugal partnership which they constitute, all of them d/b/a Express Cash & Carry a/k/a Express Cash & Carry Liquor Store upon information and belief, owners of Express Cash & Carry a/k/a Express Cash & Carry Liquor Store,

ABC Insurance Company issued the abovementioned defendants an insurance policy that covers the actions alleged therein.

37. All the parties named in paragraphs 5 through 36, inclusive, are herein named "the defendants".

## III. PRELIMINARY BACKGROUND

38. Don King Productions, Inc. was the producer and copyright holder of the closed-circuit telecast of the October 2-3, 2004 Championship boxing match between Félix Tito Trinidad vs. Ricardo Mayorga, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Puerto Rico.

39. Don King Productions, Inc. produced the Event for the purpose of distributing for a commercial gain, the closed-circuit broadcast of the Event to various business establishments throughout Puerto Rico.

40. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Puerto Rico, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by Don King Productions, Inc.

41. Don King Productions, Inc., marketed and distributed the closed-circuit rights to the Event. Specifically, Don King Productions, Inc. contracted with various establishments throughout Puerto Rico and granted to such establishments the right to broadcast the Event in exchange for a fee.

42. The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

43. The transmission of the Event was available to the Defendants to purchase for broadcast in defendants' establishments. Had they done so, they would have been authorized to receive, transmit and publish the Event in their establishments. Defendants did not, however, contract with Don King Productions, Inc., to obtain the rights to broadcast the Event.

44. The establishments which contracted with Don King Productions, Inc., to broadcast the Event were provided with the electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event.

45. Before October 2-3, 2005, defendants, upon information and belief, through person to person word of mouth or other means, advertised that they were to exhibit the Event, even though they did not seek permission to do so. On October 2-3,

2004, in violation of Don King Productions, Inc's rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendants assisted in the receipt of the interstate communication of the Event. The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within defendants' establishments. Defendants' purpose was, among others, to advertise their goods, products or services.

46. The Defendants misappropriated Don King Productions, Inc's licensed exhibition of the Event and infringed upon Don King Productions, Inc's rights while avoiding proper payment to Don King Productions, Inc. Defendants' purpose and express intent and wilfulness in committing their unlawful actions was to secure a financial gain, commercial advantage and to advertise their goods, products or services.

47. The Defendants enabled the patrons within their establishments to view the Event to which neither the Defendants, nor the patrons were entitled.

48. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Don King Productions, Inc.

49. The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

50. Defendants' unauthorized exhibition of the telecast of the event caused substantial damage to Don King Productions, Inc.

**IV. VIOLATION OF 47 U.S.C. §605**

51. The Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 50 of the Complaint.

52. The Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute"), provides in part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substances, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

53. The Defendants' wrongful actions in connection with the Event were in violation of the Statute.

54. Section 605 (d) (6) provides that "any person with proprietary rights in the intercepted communication …" may bring a private cause of action against one who acts in violation of the Statute.

55. By virtue of being the producer, copyright holder and sole commercial a distributor of the event, Don King Productions, Inc. maintained proprietary rights in the intercepted communication of the Event. Therefore, Don King Productions, Inc. is an aggrieved person and is entitled to recover damages from the Defendants for their violations of the Statute and their interference with Don King Productions, Inc's proprietary rights.

56. Because of its contractual rights and obligations with regard to distribution of the Event, Don King Productions, Inc. had an important economic interest in protecting the integrity of the communication of the Event. As a direct and proximate result of the Defendants' acts, Don King Productions, Inc., has lost the revenue which would have been derived from the delivery and exhibition of the Event to defendants' establishments and their patrons, causing substantial and irreparable harm, including, but not limited to, a loss of revenue and profits, damage to its goodwill and reputation, a loss of its substantial investment of financial resources, time and effort in the promotion of the Event and loss of its right and ability to

control and receive fees for the reception of the Event. Further, Don King Productions, Inc., has also suffered an unquantifiable loss of future business in those persons who will not patronize Don King Productions, Inc., subscribers on the assumption that they can view future similar closed-circuit events at unauthorized establishments such as defendants.

57. Because of Defendants' wrongful actions Don King Productions, Inc., is entitled to collect from the Defendants (1) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §605 (e) (3) (C) (i) (II) ; (2) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to §605 (e) (3) (C) (ii); and (3) full costs, including reasonable attorney's fees, pursuant to §605 (e) (3) (B) (iii).

**WHEREFORE**, the Plaintiff, Don King Productions, Inc., prays this Court grant judgment against each defendant, jointly and severally, as follows:

A. Declare that Defendants' unauthorized interception, reception and public commercial exhibition of the Event, or their assistance in the performance of such unauthorized actions, was in violation of the Communications Act, 47 U.S.C. §605, and that such violation was committed willfully and for purposes of direct or indirect commercial advantage and private financial gain;

B. For statutory damages of Ten Thousand Dollars ($10,000.00) against each defendant pursuant to §605(E)(3)(c)(i)(II);

C. For statutory damages of One Hundred Thousand Dollars ($100,000.00) against each defendant pursuant to §605(e)(3)(C)(ii);

D. For full costs of this action, including reasonable attorney's fees pursuant to §605(e)(B)(iii);

E. For such other and further relief as the Court deems just and proper.

In San Juan, Puerto Rico, this 25 of May 2005.

S/ Glenn Carl James
Glenn Carl James
Attorney for Plaintiff
USDC-PR 207,706
JAMES LAW OFFICE
PMB 501
1353 Rd. 19
Guaynabo, PR 00966-2700
Tel.(787)763-2888
Fax:(787)763-2881
E-mail:
jameslawoffices@centennialpr.net

**ATTORNEY FOR**
**DON KING PRODUCTIONS, INC**