IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DON KING PRODUCTIONS, INC.,
**Plaintiff**

v.                                                                            CIVIL NO. 05-1556(DRD)

JUNGLE HOUSE, et al.,
**Defendants**

| MOTION | RULING |
|---|---|
| **Date Filed:** 05/26/05   **Docket #2**<br>[X] Plff           [] Deft<br>[ ] Other<br>**Title:** Corporate Disclosure Statement | **NOTED.** |
| **Date Filed:** 09/22/05   **Docket #15**<br>[X] Plff           [] Deft<br>[ ] Other<br>**Title:** Motion Requesting Extension of Time to Serve Summons Until November 23, 2005 | **MOOT.** The extension of time requested by plaintiff to serve summons have already elapsed. |
| **Date Filed:** 10/27/05   **Docket #26**<br>[X] Plff           [] Deft<br>[ ] Other<br>**Title:** Urgent Motion in Compliance of Order at Docket No. 24 | **NOTED.** |

| | |
|---|---|
| **Date Filed:** 09/23/05  **Docket #16**<br>[X] **Plff**  [] **Deft**<br>[ ] **Other**<br>**Title:** Motion Requesting Leave to Amend the Complaint | **GRANTED.** *See*, Rule 15(a), Fed.R.Civ.P.; Foman v. Davis, 371 U.S. 178, 182 (1962). The Clerk of Court is **INSTRUCTED** to provide a separate Docket Entry to the tendered Second Amended Complaint. Furthermore, the Clerk of Court is **INSTRUCTED** to issue summons attached herein. Since plaintiff has asserted that the identity of the defendants has been asserted, said defendants shall be served **within thirty (30) days** to commence counting once the Clerk of Court issues the corresponding summons. Plaintiff is forewarned that failure to timely comply with this Order will result in the dismissal of the complaint against said co-defendants without prejudice for its failure to serve process within the term provided by Rule 4(m), Fed.R.Civ.P., 28 U.S.C. **Absolutely any further request for an extension of time shall be SUMMARILY DENIED.** |
| **Date Filed:** 10/08/05  **Docket #20**<br>[X] **Plff/Counterclaim/Deft.**<br>[] **Deft**<br>[ ] **Other**<br>**Title:** Motion to Dismiss Counterclaim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Filed at Docket 19 | **DENIED WITHOUT PREJUDICE.** Plaintiff request the dismissal on the grounds that counterclaim plaintiff cannot assert a claim for which relief can be granted. At this time, an examination of the averments made in the counterclaim renders that movant "may prove facts in support of the claim that would entitling the pleader to relief hence the complaint should not be dismissed for failure to state a claim unless because it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.". Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir.1991). Plaintiff/Counterclaim Defendant may move for a motion for a more definite statement under Rule 12(e), Fed.R.Civ.P., 28 U.S.C. |

| | |
|---|---|
| **Date Filed:** 10/08/05   **Docket #21**<br>[X] **Plff/Counterclaim/Deft.**<br>[ ] **Deft**<br>[ ] **Other**<br>**Title:** Motion to Dismiss Counterclaim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Filed at Docket 18 | **DENIED WITHOUT PREJUDICE.** Plaintiff request the dismissal on the grounds that counterclaim plaintiff cannot assert a claim unless it is under local law. At this time, an examination of the averments made in the counterclaim renders that movant "may prove facts in support of the claim that would entitling the pleader to relief hence the complaint should not be dismissed for failure to state a claim unless because it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.". <u>Conley v. Gibson,</u> 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also <u>Miranda v. Ponce Fed. Bank</u>, 948 F.2d 41 (1st Cir.1991).  Plaintiff/Counterclaim Defendant may move for a motion for a more definite statement under Rule 12(e), Fed.R.Civ.P., 28 U.S.C. |
| **Date Filed:** 11/07/05   **Docket #30**<br>[X] **Plff/Counterclaim/Deft.**<br>[ ] **Deft**<br>[ ] **Other**<br>**Title:** Motion for Default Judgment | The Court **DENIES** plaintiff's request to enter Default Judgment against co-defendants Tacos Carrion, Walter Carrion individually, the conjugal partnership constituted by Walter Carrion and Jane Doe notwithstanding that the Court had previously entered an Entry of Default against said co-defendants (Docket No. 17). The instant claim is not a "sum certain" type of case.  Pursuant to <u>Rule 55(b)(2)</u>, Fed.R.Civ.P., a hearing must be conducted to ascertain damages. *See*, <u>KPS & Assoc., Inc. v. Designs by FMC. Inc.</u>, 318 F.3d 1, 20 (1st Cir. 2003); <u>In re The Home Restaurants, Inc.</u>, 285 F.3d 111, 114 (1st Cir. 2002). Therefore, the Court schedules a damages hearing for the **20th day of April 2006 at 9:00 a.m.** |
| **Date Filed:** 11/23/05   **Docket #33**<br>[X] **Plff/Counterclaim/Deft.**<br>[ ] **Deft**<br>[ ] **Other**<br>**Title:** Motion Requesting Extension of Time to Serve Summons until December 5, 2005 For Only One Summon | **MOOT.** The extension of time requested by plaintiff has already elapsed and defendant, Terraza Vargas has already been served process (*see* Docket No. 35). |

| | |
|---|---|
| **Date Filed:** 12/19/05  **Docket #39**<br>[X] **Plff/Counterclaim/Deft.**<br>[] **Deft**<br>[ ] **Other**<br>**Title:** Urgent Motion Requesting Leave to Amend Complaint Filed At Docket No. 16 | **MOOT.** See ruling at Docket No. 16. |

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 14th day of March 2006.

        **S/DANIEL R. DOMINGUEZ**
        **DANIEL R. DOMINGUEZ**
        **U.S. DISTRICT JUDGE**